IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | |
| Plaintiff, | CASE NO. 1:11-cv-2981 |
| v. | Judge: Hon. Rebecca R. Pallmeyer |
| | Magistrate Judge: Hon. Sheila M. Finnegan |
| DOES 1 - 14, | |
| Defendants. | |

FILED JUN 30 2011 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

**MOTION TO QUASH SUBPOENA**

John Doe, Charter Internet account holder assigned I.P. address 75.132.208.82 on April 27, 2011, 05:23:54 AM (UTC) respectfully submits his Motion to Quash the Subpoena issued to Charter Communications, Inc. ("Charter") pursuant to the Order Granting Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference dated May 18, 2011. In support of his motion John Doe states as follows:

1. John Doe, identified by Charter as the Charter Internet account holder assigned I.P. Address 75.132.208.82 on April 27, 2011, 05:23:54 AM (UTC), respectfully requests that the Court quash the subpoena issued by Plaintiff forcing Charter to supply personally identifiable information related to the I.P. address identified above.

2. Plaintiff's subpoena should be quashed because it does not contain sufficient information about the claimed copyrighted work, for example it does not identify: the file name; the file type; the file size; or the copyright or registration number associated with the work and the allegedly uploaded or downloaded file using the internet service identified by public I.P.

Address 75.132.208.82 on April 27, 2011, 05:23:54 AM (UTC) as identified in Exhibit A of the Complaint.

3. Plaintiff's subpoena to Charter and the Complaint are flawed because it does not provide information on the amount of data shared. Plaintiff specifically states in the Complaint at ¶24 that Exhibit A contains a "log of IP address identifying each Defendant and the date and time of Defendant's activity." Exhibit A of the Complaint lists I.P. address 75.132.208.82 and the associated alleged infringing activity occurring on April 27, 2011, 05:23:54 AM (UTC). Plaintiff, therefore, stipulates that alleged infringing activity associated with that I.P. address occurred for one second. If Plaintiff were able to avoid the numerous procedural and jurisdictional defects and the countless factual and legal defenses, the Plaintiff's entire scope of damages are literally limited to but a moment in time of alleged infringing activity.

4. Plaintiff attempts to reduce costs in filing this Complaint against a group of unrelated parties. Each party is uniquely identified by the Plaintiff as allegedly violating its property rights on completely different dates and at unrelated times. Exhibit A does not identify any activity occurring at the same time for any two I.P. addresses. Thus, the identities of the parties associated with each I.P. address are not related to a common set of facts, but rather identify separate and discrete alleged acts of infringement. Plaintiff should be requried to file its unique claims separately and corresponding with the distinct date and time of the alleged split-second infringing activity for each I.P. address.

5. Also, John Doe is not a resident of this District. Plaintiff is an Arizona-based Arizona corporation, and Complaint ¶7 is totally (and unpersuasively) speculative in its assertion as to venue regarding the "Doe" defendants (see U.S.C. §1391(b)). At a minimum venue is not proper as to John Doe.

6. Furthermore, Plaintiff's subpoena fails to state the validity of gathered information on John Doe, as represented in the supplied and alleged evidence submitted as Exhibit A to the Complaint. Therefore, Plaintiff has given no indication that it can guarantee with 100% accuracy, the validity of the I.P. Address submitted to Charter, and the Plaintiff also fails to detail the validity of how the I.P. Addresses were gathered.

7. Additionally, John Doe would like to bring to the Court's attention the prevalence of computer hackers and their ability to copy or spoof I.P. addresses and media access controller addresses thereby falsely assuming John Does internet identity or hijacking his computer without John Doe's knowledge. John Doe does submit to having a wireless home network, but cannot guarantee its unauthorized use or hacking thereof. John Doe is only the account holder of a Charter Internet account and the Copyright laws do not task individuals with the burden of actively protecting another's property rights.

8. Despite Plaintiff's unsupported allegations, identifying the public I.P. address assigned to John Doe on April 27, 2011, 05:23:54 AM (UTC), does not link John Doe to the activities alleged by Plaintiff. Plaintiff does not identify a private I.P. address on the wireless network that allegedly accessed the internet on April 27, 2011, 05:23:54 AM (UTC) through the modem utilizing the identified public I.P. address 75.132.208.82.

9. John Doe submits that he did not engage in any BitTorrent activity on April 27, 2011, 05:23:54 AM (UTC).

10. The Honorable Milton I. Shadur, Senior United States District Judge of this United States District Court for the Northern District of Illinois has repeatedly recognized the countless flaws with identical suits brought by Plaintiff's counsel in this District. In case nos.

10-cv-6255 and 11-cv-2984, Judge Shadur properly quashed the subpoenas and dismissed the Complaints (see Exhibit 1).

11. Additionally, the same reasons cited in the Amicus brief filed in an identical action in the United States District Court for the Northern District of West Virginia, Third World Media LLC v. Does 1-1,243, case no. 10-cv-90, apply to this subpoena (copy of brief available on the Electronic Frontier Foundation website).

WHEREFORE, John Doe respectfully requests that the Court grant his Motion to Quash Subpoena.

Respectfully submitted,

John Doe, Charter Internet account holder assigned I.P. Address 75.132.208.82 on April 27, 2011, 05:23:54 AM (UTC)

_____
John Doe, Movant

I declare under penalty of perjury that statements in this motion are true and correct.

Executed on ___June 26, 2011___
(date)

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CP PRODUCTIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 10 C 6255 |
| DOES 1-300, | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This Court's February 7, 2011 memorandum order ("Order"), issued sua sponte, began by stating:

> As the caption of this action suggests, it is an understatement to characterize it as problematic in nature.

Because more than one aspect of the Complaint, as the Order went on to say, "plainly has the potential to perpetrate the type of abuse identified in the most recent motion to quash and, indeed, the motion to quash filed earlier by a Tennessee lawyer who lists herself as 'Attorney for Doe 300,'" this Court complied with the mandate of Fed. R. Civ. P. ("Rule") 4(m) by dismissing the action without prejudice against all 300 putative defendants.

Counsel for plaintiff CP Productions, Inc. ("CP") promptly countered with a motion seeking reconsideration of the dismissal order.[1] This Court reviewed counsel's contentions and continued

---

[1] Counsel's filing of that motion on the very next day after the Order was entered suggests that counsel was well aware of the action's problematic nature and had already marshaled arguments intended to meet the obvious problems that it appeared to present.

the motion to April 14 to see what developments might cast further light on the matter.

Now a new motion to quash, filed by another of the "Doe" defendants (obviously a lawyer or well acquainted with legal principles), has provided chapter and verse to demonstrate why this Court was correct the first time around. It is unnecessary to set out all the reasons that dismissal of this action is the proper course--a few of the principal difficulties will suffice.

Among other things, the newest motion demonstrates that there is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and--more importantly--as to whom CP's counsel could readily have ascertained that fact. Moreover, if the 300 unnamed defendants have in fact infringed any CP copyrights (something that this Court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap--if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.[2]

---

[2] It would constitute a real stretch of the normal meaning of language for CP to call Rule 20(a)(2)(A) into play as the asserted predicate for lumping its separate asserted claims into

2

As if those things were not enough to call for dismissal (and they are), CP's placement of venue in this judicial district is more than suspect. CP itself is an Arizona-based Arizona corporation, and Complaint ¶7 is totally (and unpersuasively) speculative in its assertions as to venue regarding the "Doe" defendants (see 28 U.S.C. §1391(b)).

As indicated earlier, there is more, but this Court sees no need "[t]o gild refined gold, to paint the lily."[3] This Court denies CP's motion for reconsideration, vacates the April 14 status hearing date and orders the subpoena issued to the Internet Service Provider ("Provider") to be quashed. In addition, CP is ordered to direct the Provider to notify (at CP's expense) all those to whom the Provider has previously given notice of CP's subpoena issued to the Provider of (1) the fact of this dismissal and (2) the fact that the Provider will take no further action in connection with the now-quashed subpoena, so that those persons are free to ignore the matter.[4]

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date: February 24, 2011

---

a single lawsuit.

   [3] William Shakespeare, <u>King John</u> act 4, sc. 2, line 11.

   [4] This order is without prejudice to CP's possible pursuit of its copyright infringement claims on an individual basis.

...

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOY RACER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 2984 |
| | ) |
| DOES 1-22, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM ORDER

It seems that attorney John Steele ("Steele") might be well advised to stay away from Las Vegas or other casinos, because his current filing on behalf of plaintiff Boy Racer, Inc. has--despite odds in the range of 25 to 1--been assigned at random to the calendar of this District Court, which had previously been the recipient of another random assignment of a Steele-filed action (that one being CP Productions, Inc. v. Does 1-300, No. 10 C 6255). This Court had ended up dismissing the CP Productions action for the reasons stated in its February 7, 2011 memorandum order and its February 24, 2011 memorandum opinion and order, which (among other reasons) rejected attorney Steele's effort to shoot first and identify his targets later.

As appeared to be true in the CP Productions case, it would seem feasible for Steele and his client to pursue the normal path of suing an identifiable (and identified) defendant or defendants rather than a passel of "Does." Moreover, that practice would also facilitate the determination as to which defendant or

defendants is or are amenable to suit here in Illinois, as well as testing the viability of the currently amorphous Count II assertion of a civil conspiracy.

Accordingly, just as in CP Productions, both the Complaint and this action are dismissed without prejudice. As in that case, Boy Racer is free to advance its copyright infringement claims against one or more identified defendants on an individual basis or, if appropriate, a plausible conspiracy theory.

                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: May 9, 2011